IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JHON ANDRES HERNANDEZ, | § | |
| A# 249072776, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-CV-945-E-BW |
| | § | |
| WARDEN of Golden State Annex, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, received on April 9, 2026. (Dkt. No. 11.) Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice as moot.

## I. BACKGROUND

Jhon Andres Hernandez, while an immigration detainee at the Prairieland Detention Center in Alvarado, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241 alleging that his continued detention by United States Immigration and Customs Enforcement ("ICE") violated 8 U.S.C. § 1226(a) and the due process clause of the Fifth Amendment, and that ICE unlawfully reclassified his immigration status in order to mandatorily detain him. (*See id.* at 1, 8.) He sought an individualized immigration bond hearing, or alternatively, immediate release from

[1] By Special Order No. 3-251, this habeas case has been automatically referred to the undersigned magistrate judge for case management. (*See* Dkt. No. 2.)

detention under reasonable terms of supervision, as well as a stay of removal from the United States while this habeas action was pending. (*See id.* at 8-9.)

Hernandez was later transferred to the Golden State Annex, an ICE detention facility in McFarland, California. (*See* Dkt. No. 17.) Based on an order subsequently sent to Hernandez at the Golden State Annex that was returned to the Court as undelivered, and available online records, it appeared to the Court that Hernandez was no longer in ICE custody. (*See* Dkt. Nos. 25-26); ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Aug. 5, 2026). The Court therefore entered an order on July 20, 2026 requiring Respondent to file a notice specifically addressing Hernandez's current custodial status and its effect, if any, on the pending § 2241 petition. (*See* Dkt. No. 27.)

On July 31, 2026, Respondent filed a notice stating that Hernandez was released from immigration custody on or about June 16, 2026, based on action taken in *Hernandez v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-4129-DC-SCR (E.D. Cal. June 16, 2026). (*See* Dkt. No. 28.) In *Hernandez*, the United States District Court for the Eastern District of California granted a § 2241 petition filed by Hernandez in that court and ordered Hernandez's immediate release from ICE detention based on the same conditions to which he was subject immediately before his detention. *See Hernandez*, No. 1:26-cv-4129-DC-SCR, Dkt. No. 10.

## II. MOOTNESS

"Article III of the Constitution limits . . . federal-court jurisdiction[] to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, Hernandez contended that his immigration detention by ICE violated § 1226(a) and the due process clause of the Fifth Amendment, and that ICE's reclassification of his immigration status for purposes of mandatory detention was unlawful. (*See* Dkt. No. 11 at 8.) Hernandez challenged only the lawfulness of his detention by ICE and sought an immigration bond hearing or immediate release from ICE custody, as well as to not be removed from the United States while this habeas case was pending. (*See id.* at 8-9.)

Because Respondent's notice and the order and judgment entered in Hernandez's § 2241 habeas action in the Eastern District of California show that Hernandez is no longer detained by ICE, which is the alternative relief he requested,

his claims challenging the lawfulness of his detention are moot. *See, Hernandez*, No. 1:26-cv-4129-DC-SCR, Dkt. Nos. 10-11 (E.D. Cal. June 16, 2026); *Harriott v. DHS ICE*, No. 3:20-cv-01668-E (BT), 2020 WL 7408236, at *2 (N.D. Tex. Dec. 1, 2020) (dismissing as moot immigration detainee's § 2241 petition following his release from custody on supervision and the absence of allegations of any additional adverse collateral consequences or challenges to his conditions of release), *rec. adopted*, 2020 WL 7399328 (N.D. Tex. Dec. 17, 2020). The Court therefore should dismiss Hernandez's amended § 2241 petition as moot.

## III. RECOMMENDATION

The Court should **DISMISS** the First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, received on April 9, 2026 (Dkt. No. 11), without prejudice as moot.

**SO RECOMMENDED** on August 5, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).